# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RACHEL NITKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 cv 3279 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ERJ DINING IV, LLC, d/b/a CHILI'S GRILL & ) | |
| BAR; ALFREDO MARTINEZ and MIGUEL ) | |
| SERRANO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant ERJ Dining IV, LLC ("ERJ") filed a motion to compel arbitration pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to dismiss the portions of the complaint against it for failure to state a claim under Federal Rule of Civil procedure 12(b)(6). For the reasons stated below, this Court grants the motion to compel arbitration [17].

## Statement

Plaintiff, Rachel Nitka, filed a three-count complaint against her former employer ERJ, doing business as Chili's Grill & Bar, and two cooks at the restaurant. She alleges sexual harassment, sex discrimination, and assault and battery. ERJ asserts that Nitka signed an agreement to arbitrate any and all disputes relating to her employment. ERJ argues that Nitka's sexual harassment, discrimination, and assault and battery claims against two co-workers fall squarely within that agreement. ERJ further argues that if this Court denies its motion to compel arbitration, this Court should dismiss for failure to state a claim Nitka's allegations under the Illinois Human Rights Act and common law assault and battery.

1

The party seeking to compel arbitration must show (1) the existence of a valid written arbitration agreement; (2) that the dispute in question falls within the scope of that agreement; and (3) that the plaintiff refused to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 581 (7th Cir. 2006). Once the moving party has shown those elements, the burden shifts to the party opposing arbitration to demonstrate that the arbitration agreement is unenforceable or that the claims are unsuitable for arbitration. *Wal–Mart Stores, Inc. v. Helferich Patent Licensing, LLC*, 51 F.Supp.3d 713, 717–718 (N.D. Ill. 2014). A party opposing arbitration must meet the evidentiary standard required of a party opposing summary judgment under Fed. R. Civ. P. R. 56(e). *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). Just as in summary judgment, the non-moving party must identify specific evidence in the record establishing a genuine dispute of material fact that must be resolved in a trial. *Id.* In determining whether a genuine issue of material fact exists, the Court accepts as true the evidence of the non-movant and draws all justifiable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In conducting this assessment, this Court cannot make credibility determinations, choose between competing inferences, or balance the relative weight of conflicting evidence. *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

Whether a binding arbitration agreement exists is determined under the principles of state contract law. *Tinder*, 305 F.3d at 735. Under Illinois law, an offer, an acceptance and consideration are the basic ingredients of a contract. *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 151–52, 847 N.E.2d 99, 109 (2006) (citing *Steinberg v. Chicago Medical School,* 69 Ill.2d 320, 329, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977)). Here, ERJ argues that these elements are met where Nitka electronically signed the employment agreement containing the arbitration clause on November 18, 2015, and continued employment with ERJ until June 5, 2017. This Court agrees that under Illinois law the basic requirements of a contract are met. *See Melena*, 219 Ill.2d at 152 (holding that continued employment

2

is sufficient acceptance and consideration for the enforcement of employment agreements); *see also Duldulao v. Saint Mary of Nazareth Hospital Center,* 115 Ill.2d 482, 490, 106 Ill. Dec. 8, 505 N.E.2d 314 (1987).

Nitka argues that purported arbitration agreement should not be enforced because she does not recall executing the agreement, the document attached to ERJ's motion lacks sufficient authentication for the Court to consider it, and Nitka was a minor on November 18, 2015, when she signed the agreement. Her arguments are unavailing.

First, whether Nitka remembers executing the agreement or not is insufficient to create a genuine issue of fact, where she does not dispute that she worked at ERJ and ERJ has provided a declaration from its Vice President of People and Development Mary Lazzaroni. *See Tinder*, 305 F.3d at 736. Lazzaroni attests that "with few exceptions" entering the arbitration agreement is a condition of employment with ERJ and ERJ maintains the arbitration agreements in the usual course of business, including Nitka's whose was in her personnel file. (Dkt. 23-1, Decl. of Mary Lazzaroni, at ¶¶4-5). Further, Lazzaroni states that the electronic system used during the onboarding process in 2015 would not have indicated that Nitka signed the agreement if she had not affirmatively indicated electronically having done so. *Id.* at ¶ 7. Lastly, Nitka ratified the agreement by going to work at ERJ upon turning eighteen.

> A contract of a minor is not void *ab initio,* but merely voidable at the election of the minor upon his attaining majority. After attaining majority, a person may either disaffirm or ratify a contract that he entered into while he was still a minor. A contract of a minor is deemed ratified if the minor fails to disaffirm it within a reasonable time after attaining majority. Also, a minor ratifies a contract if, after becoming of age, he does any distinct and decisive act clearly showing an intention to affirm the contract. Once a person ratifies such a contract, he cannot thereafter avoid his obligations under it.

*Fletcher v. Marshall*, 260 Ill. App. 3d 673, 675, 632 N.E.2d 1105, 1107 (1994) (internal citations omitted). Nitka working her shift on June 5, 2017, the day after turning eighteen was an affirmative act indicating an intention to continue her employment and thereby affirm the conditions of her employment. Even

if this Court considers opposition to the instant motion to be an attempt at disaffirming the arbitration agreement, she did not file her complaint in this action until May 8, 2018, nearly a year after ratification does not reference the arbitration agreement or disaffirm it. Accordingly, this Court finds that there is a valid written arbitration agreement.

Next, the Court considers whether the dispute in question falls within the scope of that agreement. Nitka's complaint alleges sexual harassment, discrimination, hostile work environment, and common law assault and battery arising from offensive comments of a sexual nature, unwanted nonconsensual physical touching perpetrated by the individual defendants, ERJ employees Alfredo Martinez and Miguel Serrano. Specifically, Nitka claims that Serrano held her by the belt, grabbed her hair, and kissed her neck, at work and in the presence of Martinez. Nitka further alleges that ERJ, through its regional manager, was aware of multiple complaints of such conduct and failed to take any action. The arbitration agreement states in relevant part:

> I agree that any legal or equitable claims or disputes arising out of or in connection with the employment, terms and conditions of employment, or termination of employment will be resolved exclusively by binding arbitration, instead of in a court of law or equity. This agreement applies to all disputes involving legally protected rights (e.g., local, state and federal statutory, contractual or common law rights) regardless of whether the statute was enacted or the common law doctrine was recognized at the time this agreement was signed. I understand that this agreement does NOT limit my ability to pursue any external administrative remedy (such as with the EEOC).

Dkt. 17-1, Ex. A to Defendant ERJ's Motion to Compel Arbitration. Nitka points to another portion of the agreement to argue that the claims here are not covered by the agreement. The arbitration agreement further states:

> I understand that by signing this agreement that I am agreeing to substitute one legitimate dispute resolution form (arbitration) for another (litigation), thereby waiving any right to have my dispute resolved in court. This substitution involves no surrender, by either party, of any substantive statutory or common law benefits, protection, or defense for individual claims. I do, however, hereby waive the right to commence or be a party to any representative, collective or class action.

4

*Id.* A plain reading of that section, however, does not support the conclusion that Nitka is not agreeing to arbitration. Instead, this section merely indicates that she waived class claims and must arbitrate, as opposed to litigate, any individual claims. She does not waive any individual claims, but they must be resolved through arbitration. Thus, this Court finds that her claims here arising out of the conditions of her employment are subject to the arbitration agreement. By finding that Nitka must seek resolution of her claims through arbitration, this Court in no way intends to minimize the severity of the allegations against ERJ and its employees and involving such a young woman. The last requirement to compel arbitration is met – Nitka is refusing to arbitrate. Accordingly, this Court grants ERJ's motion to compel arbitration.

Nitka's argument that ERJ waives its arbitration agreement by also moving to dismiss the complaint pursuant to Rule 12(b)(6) also fails. Seventh Circuit precedent expressly rejects that position. *Halim v. Great Gatsby's Auction Gallery, Inc.,* 516 F.3d 557, 562 (7th Cir. 2008) ("A party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue.").

**Conclusion**

Based on the foregoing, this Court grants ERJ's motion to compel arbitration [17]. Having granted arbitration, this Court need not address ERJ's motion to dismiss parts of the complaint for failure to state a claim under Rule 12(b)(6).

IT IS SO ORDERED.

Date: 11/8/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge